KAITLIN H. OWEN (State Bar No. 305653)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone:  213-576-1000
Facsimile: 213-576-1100
Email:  kaitlin.owen@alston.com

Attorneys for Defendant
BAKKT, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STONER, an individual<br><br>        Plaintiff,<br><br>    v.<br><br>BAKKT, LLC, a Delaware Limited Liability Company; and DOES 1-20, inclusive<br><br>        Defendant. | Case No. 4:25-cv-5567<br><br>**DEFENDANT BAKKT, LLC'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446 (DIVERSITY)**<br><br>[Filed concurrently with Declarations of Kaitlin H. Owen and Jonathan Moffitt; Civil Cover Sheet]<br><br>Contra Costa Superior Court Case No. 24CV443038<br><br>Action Filed:  April 7, 2025 |

- 1 -
DEFENDANT BAKKT, LLC'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT
CASE NO. 4:25-cv-5567

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Bakkt, LLC ("Bakkt" or "Defendant") hereby petitions the Court to remove this action, entitled *Eric Stoner v. Bakkt, LLC* (Case No. C25-00974), from the Superior Court of the State of California, County of Contra Costa (the "State Court Action") to the United States District Court for the Northern District of California.  In support of this Notice, Defendant alleges as follows:

<u>TIMELINESS OF REMOVAL</u>

1.      On or about April 7, 2025, Plaintiff Eric Stoner ("Plaintiff") commenced the State Court Action in the Superior Court of the State of California for the County of Contra Costa. [*See* Declaration of Kaitlin H. Owen ("Owen Decl.") ¶ 2, <u>Exhibit A</u> (Complaint).] The allegations in the Complaint are incorporated into this Notice by reference without admitting the truth thereof.

2.      Defense counsel executed and returned the Notice and Acknowledgement of Receipt to Plaintiff's counsel on June 2, 2025 and service was effective on that date pursuant to section 415.30 of the California Code of Civil Procedure. [*See* Owen Decl. ¶ 2, <u>Exhibit B</u> (Notice and Acknowledgement).] Therefore, this Notice filed on July 2, 2025, is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      Defendant filed and served its Answer to the Complaint in the State Court Action on July 1, 2025.  [*See* Owen Decl., ¶ 3, Exhibit C (Answer).]

<u>VENUE</u>

4.      Venue lies in the Northern District pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(d).  The State Court Action was originally brought in the Superior Court of the State of California, County of Contra Costa.

<u>DIVERSITY JURISDICTION</u>

5.      This is a civil action over which this Court has original jurisdiction, and one in which Defendant may remove pursuant to the provisions of 28 U.S.C. §§ 1332(a)

and 1441(b) to this Court, in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and is between citizens of different states as described further below.

6. **<u>Plaintiff's Citizenship</u>**. At the time of commencement of the State Court Action and at the time of removal, Plaintiff was, and still is, a citizen of the State of California. [*See* Compl. ¶ 1 ("Plaintiff ERIC STONER…is a male adult natural person who is and was at all times mentioned herein a resident of the State of California.").]

7. **<u>Defendant's Citizenship</u>**. At the time of commencement of the State Court Action and at the time of removal, Defendant was, and still is, a limited liability company. [*See* Declaration of Jonathan Moffitt ("Moffitt Decl."), ¶ 3.] Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes, and therefore look to the citizenship of each member of the company. *See Johnson v. Columbia Properties Advantage, LP*, 437 F.3d 894, 898-99 (9th Cir. 2006). Defendant has one member, Bakkt Opco Holdings, LLC, which has three members: Intercontinental Exchange, Inc., Bakkt Holdings, Inc., and Bakkt Management, LLC. [Moffitt Decl., ¶ 3.]

8. Based on the most recently filed and publicly available 10-K filed with the Securities and Exchange Commission, Intercontinental Exchange, Inc. was incorporated in Delaware. [Moffitt Decl., ¶ 4.] Intercontinental Exchange, Inc. maintains its principal place of business in Atlanta, Georgia. [*Id*.] Pursuant to 28 U.S.C. § 1332(c), for purposes of diversity jurisdiction and removal under 28 U.S.C. § 1441, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." As a result, Intercontinental Exchange, Inc. is a citizen of Delaware and Georgia.

9. Bakkt Holdings, Inc. was incorporated in Delaware and maintains its principal place of business in Alpharetta, Georgia. [*Id*. ¶ 5.] Bakkt Holdings, Inc. makes

- 3 -

its corporate decisions at its corporate headquarters in Alpharetta, Georgia, including its operational, executive, administrative, and policy making decisions. [*Id.*] As such, Bakkt Holdings, Inc. is a citizen of Delaware and Georgia.

10. Bakkt Management, LLC has individual members, none of whom are domiciled in California. [Moffitt Decl., ¶ 6.] "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hands on the slender thread of intent alone…").

11. **Citizenship of Defendant "Does 1-20**." Although the Complaint includes allegations regarding unidentified "Does 1-20," for purposes of removal, "the citizenship of defendants sued under fictious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Thus, the inclusion of unnamed (and unserved) "Doe" defendants in the Complaint has no impact on removability. Rather, for purposes of diversity citizenship, only the named defendants are considered. *See, e.g., Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("First, 28 U.S.C. § 1441[] explicitly provides that the citizenship of defendants sued under fictious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants.").

12. **There is Complete Diversity Between All Parties**. A defendant may remove an action on the basis of diversity citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). As established above, Defendant is diverse from Plaintiff. Therefore, diversity of citizenship exists between Plaintiff and Defendant.

DEFENDANT BAKKT, LLC'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT
CASE NO. 4:25-cv-5567

13.    **Amount in Controversy Exceeds $75,000.00 Based on the Allegations in the Complaint**.

a.    In the Complaint, Plaintiff alleges a total of two causes of action including (1) Violation of California Labor Code § 1102.5 and (2) Wrongful Termination in Violation of Public Policy.  [*See generally* Compl.] When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanely Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Plaintiff seeks compensatory damages, including unpaid and wrongfully withheld wages in an amount according to proof. [*See* Compl. Prayer for Relief.] In addition to these compensatory damages, Plaintiff also seeks special damages, back pay and front pay, emotional distress damages, punitive damages, costs of suit, and attorney's fees and interest. [*Id.*] The value of punitive damages, compensation for emotional distress, and recovery of attorneys' fees are includable in determining the jurisdictional amount for removal purposes.  *See Duin v. Allstate Ins. Co.*, 1997 WL 813002, at *1 (S.D. Cal. 1997); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *Cucciv v. Edwards*, 510 F. Supp. 2d 479, 485 (C.D. Cal. 2007).

b.    Although Plaintiff has not assigned a dollar value to his claims, the amount in controversy exceeds $75,000.00 since it is facially apparent from the Complaint that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit.  *Deleon v. Amylin Pharm, Inc.*, 2009 WL 1941571, at *2 (S.D. Cal. 2009). Plaintiff earned $275,000 per year in annual salary. [Moffitt Decl., ¶ 7.] Plaintiff's lost wages plus the value of punitive damages, compensation for emotional distress, and recovery of attorneys' fees are includable in determining the jurisdictional amount for removal purposes and, together, these alleged damages make it more likely than not that the amount in controversy exceeds $75,000.00. *See Littel v. Bridgestone/Firestone, Inc.*, 259 F. Supp. 2d 1016, 1021 (C.D. Cal. 2002).

c.      Based on the foregoing, this Court has jurisdiction over the State Court Action under the provisions of 28 U.S.C. § 1332, in that this case involves an amount in controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  Accordingly, the State Court Action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

14.    **Joinder of All Defendants**.  At the time of this removal, Defendant was the only named defendant in the State Court Action.  [Owen Decl. ¶ 4.]

## NOTICE TO STATE COURT

15.    A true and correct copy of this Notice has been served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Contra Costa, as required by law.

## COMPLIANCE WITH 28 U.S.C. § 1446

16.    No previous application has been made for the relief requested herein.

17.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed and served on Defendant, including the Complaint and Summons, are attached as Exhibits A through C to the Owen Declaration, with this Notice and/or its supporting papers.  There have been no further proceedings in the State Court Action, and no other pleadings have been filed or served by or on Plaintiff or Defendants other than those attached hereto as Exhibits A through C.

Dated: July 2, 2025

KAITLIN H. OWEN
ALSTON & BIRD LLP


BY: */s/ Kaitlin H. Owen*
            Kaitlin H. Owen
ATTORNEYS FOR DEFENDANT
BAKKT, LLC

- 6 -

## <u>CERTIFICATE OF SERVICE</u>

I, Kaitlin H. Owen, certify and declare as follow:

1.      I am over the age of 18 and not a party to this action.

2.      My business address is 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

3.      On July 2, 2025, I caused a copy of **DEFENDANT BAKKT, LLC'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441W(B), AND 1446 (DIVERSITY)** to be served upon the following counsel via the Court's CM/ECF system.  In addition the following counsel will be served in the manner described below:

*Via U.S. First Class Mail*

Jeremy Pasternak
Ben Walden
LAW OFFICES OF JEREMY PASTERNAK
100 Bush Street, Suite 1850
San Francisco, CA 94104
415-693-0300
jdp@pasternaklaw.com
bw@pasternaklaw.com
*Attorneys for Plaintiff*
*Eric Stoner*

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.  Executed on July 2, 2025, at Los Angeles, California.

_/s/ Kaitlin H. Owen_
Attorneys for Defendant
BAKKT, LLC

DEFENDANT BAKKT, LLC'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT
CASE NO. 4:25-cv-5567